IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KEVIN BOETTNER #906170 | § | |
| v. | § | CIVIL ACTION NO. 6:05cv202 |
| DOUGLAS DRETKE, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

It is hereby ORDERED that the Order of Administrative Closing dated October 24, 2005, is SET ASIDE and this lawsuit is REOPENED and replaced on the active docket for all purposes.

The Plaintiff Kevin Boettner, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On September 12, 2005, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed and that Boettner's *in forma pauperis* status be revoked, concluding that Boettner had filed at least three lawsuits or appeals which had been dismissed as frivolous or for failure to state a claim upon which relief could be granted. *See* 28 U.S.C. §1915(g). Boettner filed objections to this Report, asserting that two of those prior lawsuits had cert petitions pending in the Supreme Court of the United States, and thus could not be counted as strikes for purposes of Section 1915(g).

On September 30, 2005, the Magistrate Judge issued a second Report. This Report observed that Boettner currently had an appeal pending before the Fifth Circuit raising this precise question; he had had a prior lawsuit dismissed under Section 1915(g) despite his objections that two of his prior cases were not final and should not be counted as strikes because of his pending cert petitions.

1

*See* Boettner v. Dretke, et al., civil action no. 9:05cv117 (E.D.Tex.). As a result, the present lawsuit was administratively closed pending the outcome of Boettner's appeal in his other case.

On December 6, 2005, Boettner's appeal in the prior case was dismissed because he failed to pay the docketing fee. This action by the Fifth Circuit amounts to an implicit rejection of Boettner's argument that he did not have three strikes; had the Fifth Circuit accepted this argument, that Court could have set aside the district court's order denying Boettner leave to proceed *in forma pauperis* and remanded the case for consideration of Boettner's application to so proceed. Instead, the Fifth Circuit determined that Boettner was required to pay the docketing fee, thereby accepting the district court's conclusion that Boettner has three strikes.

In light of this fact, it is apparent that Boettner's contention that he does not have three strikes is without merit. His objections on this ground must fail.

Boettner also argues in his objections that he is in imminent danger of serious physical injury. As the Magistrate Judge observed, however, the claims in this lawsuit do not raise an issue of imminent danger; rather, they concern incidents which happened almost two years ago. Boettner cannot evade the strictures of Section 1915(g) by claiming that he is in imminent danger, but then filing lawsuits wholly unrelated to any such danger. The Court offers no opinion as to the merits *vel non* of any lawsuit which Boettner may file concerning his present conditions, including any imminent danger which he may be facing. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original complaint, the Report of the Magistrate Judge recommending dismissal of the case, the Plaintiff's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge dated September 12, 2005 is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge dated September 12, 2005, is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's *in forma pauperis* status is hereby REVOKED and that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full $250.00 filing fee. It is further

ORDERED that should the plaintiff pay the full filing fee within 15 days after the date of entry of dismissal, he shall be allowed to proceed in this lawsuit as though the full fee had been paid from the outset; however, payment of the filing fee will not in itself satisfy the requirement of exhaustion of administrative remedies. Finally, it is

ORDERED that any and all motions which may be pending in this cause, including the Plaintiff's motions for leave to take an interlocutory appeal and for leave to proceed *in forma pauperis* on interlocutory appeal, are DENIED.

**SIGNED this 1st day of February, 2006.**

*/s/ Michael H. Schneider*
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE